# CIRCUIT COURT OF WASHINGTON COUNTY

In re Petition of
Leigh Anne Ruth Hunter
for Change of Name

### Case No. CL10-1060

By Judge C. Randall Lowe

### October 19, 2010

This matter is before the Court on an application for a name change of Leigh Anne Ruth Hunter pursuant to § 8.01-217 of the Code of Virginia, 1950, as amended. The statute indicates that the Court shall allow such change unless the evidence shows that the change of name is sought for a fraudulent purpose or would otherwise infringe upon the rights of others.

At the hearing in this matter, Ms. Hunter testified candidly, under oath, that she would be sharing her name with her partner so that everyone in the household would have the same last name. The Court has struggled with this issue but must find that the purpose for this change of name is for the petitioner and her partner to hold themselves out as a married couple. The Code of Virginia at § 20-45.2 prohibits marriage between persons of the same sex, and § 20-45.3 indicates a civil union between persons of the same sex purporting to bestow the privileges or obligations of marriage is prohibited.

Therefore, the Court finds that to allow this application would be in contravention of the statutes of the Commonwealth of Virginia, and therefore, requested for a fraudulent purpose. The Court must deny the request for change of name on that basis.

### January 7, 2011

This matter is before the Court on the applicant's request for change of name pursuant to § 8.01-217 of the Code of Virginia, 1950, as amended. The Court heard this matter and issued a letter opinion dated October 9, 2010, denying the request for change of name, and said opinion was memorialized in an order entered on October 20, 2010. Thereafter, counsel requested that this matter be reheard, and an order was entered

on November 3, 2010, vacating the order entered October 20, 2010, and granting the motion for reconsideration.

Pursuant to § 8.01-217, "the Court shall, unless the evidence shows the change of name is sought for a fraudulent purpose, or would infringe upon the rights of others . . . order a change of name." The Court made a factual determination, as set forth in the letter opinion dated October 9, 2010, that Ms. Hunter testified candidly, under oath, that she would be sharing her name with her partner in order for the entire family to have the same last name. The Court found that the purpose for the name change requested by the petitioner was to hold herself out as married to her partner, in contravention to the statutes of the Commonwealth of Virginia.

The Court, after reviewing the memorandum filed by counsel and hearing oral argument, finds that Ms. Hunter's intent in having the same last name as her partner is for all members of the household to have the same last name, including the child who has been adopted by Ms. Hunter and her partner. Further, the Court finds that Ms. Hunter acknowledges that, in the Commonwealth of Virginia, parties of the same sex are prohibited from marrying, pursuant to statute.

The Court accepts the petitioner's contention that having the same last name as her partner conveys no legal benefits of marriage in the Commonwealth of Virginia, as said unions are prohibited and not recognized by law. Therefore, the Court finds the name change would not be for a fraudulent purpose and reverses the prior findings of the Court. The petitioner's name change petition will be granted.